

# Fourth Court of Appeals
## San Antonio, Texas

November 16, 2016

No. 04-15-00350-CV

Jack **RETTIG**,
Appellant

v.

Ronald E. **BRUNO**, Christopher Garcia, Sergio Lopez, Patrick G. Mendoza,
and Troy J. Williams,
Appellees

From the 111th Judicial District Court, Webb County, Texas
Trial Court No. 2015CVQ000699 D2
Honorable Monica Z. Notzon, Judge Presiding

## O R D E R

On June 8, 2015, appellant Jack Rettig filed a notice of appeal, indicating he was appealing two orders granting motions to vacate a 2014 domesticated foreign judgment in favor of appellees Patrick G. Mendoza and Christopher Garcia. During the pendency of the appeal, on November 17, 2016, Mendoza filed a notice stating that he filed for bankruptcy and the bankruptcy proceeding was pending in the United States Bankruptcy Court for the Western District of Texas in San Antonio, under Case No. 15-52801-cag, styled *In re Patrick G. Mendoza and Gloria C. Mendoza*. The notice contained an authenticated copy of the pages of the bankruptcy petition showing that the petition was filed on November 16, 2015. Accordingly, we ordered the appeal abated and treated as a closed case until reinstated by this court. *See* TEX. R. APP. P. 8.2.

On October 4, 2016, Rettig filed a motion in this court, requesting this court to reinstate the appeal, sever and dismiss the case against Mendoza without prejudice, and dismiss the entire case against the remaining parties as moot. In his motion, Rettig stated that during the pendency of the bankruptcy proceeding, the bankruptcy court rendered an order terminating the stay "for the limited purpose of filing motions to sever or dismiss Mendoza from the pending actions," including the case in the federal district court where the 2014 domesticated foreign judgment originated. In accordance with the bankruptcy court order, Rettig filed a motion in federal district court, requesting the court to sever Mendoza from the case, dismiss Rettig's claims against Mendoza without prejudice, and enter an amended judgment against the remaining four defendants. On May 24, 2016, the federal district court granted Rettig's motion. Certified

copies of the bankruptcy court order and federal district court order are attached to Rettig's motion.

After reviewing Rettig's motion, it appears Rettig is correct that this court should reinstate the appeal and 1) sever and dismiss the case against Mendoza without prejudice in accordance with the bankruptcy court order, and 2) dismiss the entire case against the remaining parties as moot given the 2014 domesticated foreign judgment has been vacated by the federal court – and thus, is a nullity. As Rettig points out, the only justiciable controversy in this court concerns the propriety of the domestication of a foreign judgment, which has now been vacated.

Accordingly, we ORDER appellees to file a written response in this court on or before **December 16, 2016** showing why this appeal — appeal number 04-15-00350-CV — should not be dismissed. If appellant fails to file a satisfactory response, we will grant Rettig's motion and dismiss the appeal.

We further **order** the clerk of this court to serve a copy of this order on all parties and all counsel.

_____
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 16th day of November, 2016.

_____
Keith E. Hottle
Clerk of Court